UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| MEMBERS HERITAGE CREDIT UNION | ) | Case No. 5:21-cv-00207-CHB |
| | ) | **ELECTRONICALLY FILED** |
| PLAINTIFF | ) | |
| | ) | |
| vs. | ) | |
| | ) | Removed from: |
| NEW YORK MARINE & GENERAL | ) | Fayette Circuit Court |
| INSURANCE COMPANY, PROSIGHT | ) | Case No. 21-CI-01743 |
| SPECIALTY MANAGEMENT CO., INC., | ) | |
| AND PROSIGHT SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| DEFENDANTS | ) | |

# REPORT OF RULE 26(f) CONFERENCE

Plaintiff Members Heritage Credit Union ("Plaintiff") and the Defendants New York Marine and General Insurance Company and ProSight Specialty Management Co., Inc. ("Defendants"), through counsel, submit this report of their conference under Rule 26(f) of the Federal Rules of Civil Procedure:

1. On **September 28, 2021**, the parties conferred under Rule 26(f).

2. **Initial Disclosures.** The parties do not anticipate any changes in form to, or requirements of, mandatory disclosures under Rule 26(a). The parties shall serve all mandatory disclosures on or before **October 12, 2021**, and will supplement those disclosures as required under Rule 26(e).

3. **Discovery Subjects.** The parties anticipate discovery focusing on the following subjects: whether an insurance policy issued by New York Marine and General Insurance Company provides coverage, not subject to any exclusion, for claims asserted against Plaintiff in the Superior Court Division for Wake County, North Carolina, in an action captioned *Welcome*

1

*Federal Credit Union v. Members Heritage Credit Union and Johnny Earl Harrell*, court file no. 20-CVS-11735; and whether Defendants are estopped from relied on exclusions in the insurance policy.

4.  **Electronically Stored Information.** The parties do not presently anticipate any disputes or issues arising from or relating to the disclosure or discovery of information stored electronically or on computer-based media. Disclosure of electronically stored information will be handled in accordance with the Federal Rules of Civil Procedure. Categories of electronically stored information sought will be produced in the form of Bates stamped .pdf files, whenever feasible. To the extent any party asserts during discovery that it is necessary for electronically stored information to be produced in some other format, the parties agree to mutually work toward a reasonable resolution of any such request. If the parties are unable to resolve disputes regarding electronically stored information, the parties will submit them to the Court. The parties are aware of their respective obligations to preserve electronically stored information.

5.  **Claims of Privilege or Protection Asserted After Production.** The parties do not foresee that any order will be necessary regarding claims of privilege/protection as to trial preparation materials asserted after production.

6.  **Discovery Disputes.** Pursuant to 28 U.S.C. § 636(b)(1)(A), all discovery disputes will be referred to the United States Magistrate Judge for resolution. Discovery disputes shall be resolved in the following manner: (1) The parties shall first confer in an attempt to resolve disputes between themselves, without judicial intervention. (2) If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreements by telephone conference with the Magistrate Judge. (3) If the parties are unable to resolve their disputes after conference with

the Magistrate Judge, they may file appropriate written motions with the Court. Any written motion regarding discovery shall include the certification required by Rule 37(a)(1), if applicable.

7. **Commencement & Completion of Discovery.** The parties agree that any party may begin seeking discovery as of **September 28, 2021**. Discovery, including depositions, interrogatories, requests for production of documents, and requests for admissions, should be completed on or before **April 8, 2022**.

8. **Expert Witness Disclosure.** The parties agree that Plaintiff shall disclose its expert(s) information, in accordance with Rule 26, on or before **December 20, 2021**. Defendant's expert reports shall be disclosed, in accordance with Rule 26, on or before **February 21, 2022**. All expert witness depositions must be completed on or before **April 8, 2022**.

9. **Limitations Imposed by the Federal Rules of Civil Procedure.** The parties do not presently anticipate any limitations on discovery or any changes in the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

10. **Addition of Parties/Amendment of Pleadings.** The parties agree that motions for leave to add parties or to amend pleadings should be filed on or before **November 22, 2021**.

11. **Dispositive Motions.** The parties agree that Motions for Summary Judgment or other dispositive motions should be filed on or before **May 6, 2022**.

12. **Final Pretrial Conference.** The Parties request that a final pretrial conference be scheduled no sooner than two months before trial.

13. **Trial Date.** The parties anticipate this case will be ready for trial on **August 8, 2022,** and that the trial will last approximately **three days**.

14. **Class Certification.** This is not a class-action Complaint.

15. **Settlement.** The parties have discussed, in good faith, the possibility of settlement. It appears unlikely that prompt settlement can be reached prior to the parties conducting discovery. After discovery is conducted, the parties believe there may be a reasonable chance for settlement.

Dated: October 1, 2021

*/s/ R. Craig Reinhardt (with permission)*
R. Craig Reinhardt
Daniel C. Mack
REINHARDT & ASSOCIATES, PLC
449 Lewis Hargett Circle, Suite 210
Lexington, KY 40503
(859) 277-7100
creinhardt@reinhardtlaw.com
*Counsel for Plaintiffs*
*Members Heritage Credit Union*

*/s/ Gene F. Zipperle, Jr.*
GENE F. ZIPPERLE, JR.
WARD, HOCKER & THORNTON, PLLC
9300 Shelbyville Road, Suite 700
Louisville, Kentucky 40222
(502) 583-7012
GZipperle@whtlaw.com

In association with:

Joseph A. Nilan, MN #121277 (pro hac vice)
Jacob T. Merkel, MN #0397211 (pro hac vice)
GREGERSON, ROSOW, JOHNSON & NILAN, LTD.
100 Washington Avenue South, Suite 1550
Minneapolis, MN 55401
(612) 338-0755
jnilan@grjn.com
jmerkel@grjn.com

*Counsel for Defendants New York Marine &*
*General Insurance Company, and ProSight Specialty*
*Management Co., Inc.*