UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MEMBERS HERITAGE CREDIT UNION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5:21-CV-207-CHB |
| v. | ) ) ) | **SCHEDULING ORDER** |
| NEW YORK MARINE & GENERAL INSURANCE COMPANY, et al., | ) ) ) | **(Civil)** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Federal Rule of Civil Procedure 16, and after consideration of the Parties' Rule 26(f) Joint Report [R. 14], the Court adopts the following schedule for disposition of this case:

1. The following deadlines and conditions shall be observed in this action:

    (a) Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than **October 12, 2021**. These disclosures need not be filed in the Court record.

    (b) The parties shall complete discovery as follows:

    (i) The parties shall complete all fact discovery no later than **April 8, 2022**; and

    (ii) The parties shall complete all expert discovery no later than **April 8, 2022**; (All discovery requests shall be served in a manner calculated for response compliant with the deadline);

    (c) Supplementation under Rule 26(e) shall be due within thirty (30) days of the discovery of new information, but in any event no later than forty-five (45) days

1

prior to the close of discovery. Supplemental disclosures and responses need not be filed in the Court record;

(d) Any motions to join additional parties or amend pleadings shall be filed no later than **November 22, 2021**;

(e) The parties shall disclose the identity of expert witnesses who may be used at trial and written reports by the experts as required by Rule 26(a)(2)(B), and/or written summaries consistent with Rule 26(a)(2)(C), as follows:

   (i) from plaintiff no later than **December 20, 2021**; and

   (ii) from defendants no later than **February 21, 2022**;

At the time the expert reports and any supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty (30) days shall be provided. These disclosures need not be filed in the Court record;

(f) All dispositive motions, and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), shall be filed no later than **May 6, 2022,** with response and reply time as per Local Rule 7.1(c)(1) and (2). No extensions of time may be granted by the United States Magistrate Judge or by agreement of the parties. Applications for extensions of time will be granted by the trial judge only upon good cause shown.

2. By virtue of the December 1, 2000 amendment of Fed. R. Civ. P. 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the Court otherwise specifically so orders:

   (a) Rule 26(a)(1) Initial Disclosures, Interrogatories and Answers or other responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to such discovery requests, as well as any discovery depositions not subject to part (b) below, shall <u>not</u> be filed; and

   (b) The portions of any discovery depositions cited in any motion, including motions for summary judgment, or which may be used at trial for impeachment or other purposes, and any other discovery materials necessary to the decision of any motion filed herein <u>shall</u> be filed of record in this case.

3. This matter is assigned for a pretrial conference before the Hon. Claria Horn Boom on **September 26, 2022 at 10:00 a.m.** at the United States Courthouse, **Lexington, Kentucky**. The pretrial conference shall be attended by all attorneys who will be trying the case, along with the parties and/or representatives.

4. **No later than twenty-one (21) days before the pretrial conference**, counsel shall file the following:

   (a) a list of witnesses and exhibits in accordance with the Fed. R. Civ. P. 26(a)(3), to include the following:

   (i) the witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition,

3

  specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(ii);

 (ii) the witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered; and

 (iii) the exhibit lists shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof, and shall include a list of any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements);

(b) any appropriate motions in limine;

(c) the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is necessary prior to trial. Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the Court shall be deemed to be summarily overruled;

(d) a pretrial memorandum brief containing the following:

 (i) a succinct statement of the facts of the case;

 (ii) the issues of fact to be resolved at trial (including each party's position on the disputed issue);

 (iii) the disputed issues of law that must be resolved in connection with the trial (including each party's position on the disputed issue);

 (iv) expected evidentiary objections;

 (v) a list of all pending motions;

      (vi) the status of settlement negotiations and the likelihood of settlement; and

      (vii)  the feasibility of alternative dispute resolution;

  (e) proposed agreed jury instructions with supporting authorities.  Counsel shall exchange drafts of instructions in advance and endeavor to agree; in the absence of agreement, separate instructions shall be filed, by the same deadline, including citation to supporting authorities; and

  (f) proposed voir dire questions for the Court's use, and a joint statement of the case that may be read to the jury panel during voir dire.

5. **No later than fourteen (14) days before the pretrial conference**, the parties shall file:

  (a) written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown;

  (b) responses to any other party's motion in limine; and

  (c) responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

6. At the pretrial conference, counsel for the parties shall be prepared to:

  (a) discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

  (b) disclose any demonstrative or summary exhibits intended for use at trial;

  (c) display to the Court all exhibits intended to be used at trial, which shall already be

  pre-marked in accordance with Local Rule 83.10, with numbers in the order expected to be introduced at trial. Counsel shall provide the Court with a copy of all documentary exhibits. Failure to disclose exhibits to the Court and to opposing counsel at the pretrial conference may be subject to sanctions unless good cause is shown;

 (d) discuss the possibility of settlement; and

 (e) advise the Court of anticipated technological issues that may arise at trial.

7. **No later than seven (7) working days prior to the trial** of this action, counsel shall submit to the Court's Chambers (boom_chambers@kyed.uscourts.gov) a copy of each documentary exhibit.

8. This action is hereby set for a TRIAL BY JURY on **October 31, 2022 at 9:00 a.m.** at the United States Courthouse, **Lexington, Kentucky**. Counsel should be present by 8:30 a.m. The anticipated length of trial is three (3) days.

9. Pursuant to 28 U.S.C. §636(b)(1)(A) and Fed. R. Civ. P. 72, the Court refers this case to United States Magistrate Judge Matthew A. Stinnett for purposes of:

 (a) resolving all non-dispositive pretrial motions;

 (b) generally managing discovery, including resolving all discovery disputes (subject to the protocol in ¶ 10) and conducting any hearing(s) other than the pretrial conference;

 (c) generally managing all pretrial scheduling issues, including altering any dates and/or deadlines, except deadlines for dispositive/*Daubert* motions, and the pretrial conference and the trial deadlines;

 (d) conducting a mid-discovery telephonic conference; and

  (e) conducting a settlement conference, if warranted by (1) the parties' joint motion indicating a desire for a Court-conducted settlement conference instead of a private mediation, (2) the economics and particulars of the case, and (3) the likelihood of an efficient resolution.[1]

10. Discovery disputes shall be resolved in the following manner:

  (a) The parties shall first confer (which means orally discuss the issue) in an attempt to resolve disputes between themselves, without judicial intervention;

  (b) If the parties are unable to resolve a dispute informally, they shall request a telephone conference with the Magistrate Judge;

  (c) If, and only if, a dispute continues after a conference with the Magistrate Judge, a complaining party may file an appropriate written motion directed to the Magistrate Judge. Any written motion regarding discovery shall include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1. The Magistrate Judge may impose an appropriate briefing schedule to resolve any such formal motion;

  (d) If, and only if, a dispute continues after the Magistrate Judge's ruling on a formal discovery motion, a complaining party may proceed as appropriate under Rule 72;

  (e) The Court expects parties to raise and address discovery disputes in a manner that avoids potential disruption of the schedule in the case.

---

[1] The Court, in consultation with the Magistrate Judge, may alter this standard referral on a motion-by-motion or case-by-case basis, as appropriate, either via subsequent Order or via informal conferencing with the Magistrate Judge.

11. Modification of this schedule is <u>unlikely</u> and will occur only for good cause outside of moving counsel's control, demonstrated by the movant and supported with credible and reasonable justification.

This the 7th day of October, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY